WM. H. SOTHORON *vs.* WM. G. HARDY.—*December*, 1836.

In an action of assumpsit on an open account, the plaintiff to remove the bar of the statute of limitations, proved that within three years of the commencement of the suit, the defendant said to the witness, it was his impression the money had been paid by his, defendant's father. That if his father had paid it, he could find, he supposed, the receipt on searching his father's papers; and if he could not find the receipt, he would settle it; and promised to make a search and inform the witness. *Held*, that the evidence was sufficient to remove the bar.

APPEAL from *Charles* county court.

This was an action of *assumpsit*, brought by the appellee against the appellant on the 16th *November*, 1834. The plaintiff declared, that on the 2d January, 1820, the defen dant was indebted unto *Isidore Hardy*, for meat, drink, washing and lodging, furnished defendant and his servants, or for provender furnished his horses, and for hire of horses, and that *Isodore* assigned and transferred said debt to the plaintiff whereby, &c. and also upon an *insimul computassent* for the same debt. The defendant pleaded 1st, *non assumpsit*, 2nd that the cause of action did not accrue within three years. Issue was joined on the first plea, and replication and issue on the second plea. The plaintiff filed the following account, in *Charles* county court, August, 1835.

Sothoron *vs.* Hardy.—1836.

Amount of *William H. Sothoron's* tavern account, on the books of *Isidore Hardy.* December 3d, 1818, to the 2nd January, 1820, . . . . . $103 18¾
CR.
1821, August 17, By *William Dyer's* acceptance for 35 50

To interest on this balance from 2d January, 1821, $67 68¾

At the trial of this cause, the plaintiff gave in evidence the following admissions :

*William G. Hardy* vs. } Personally appears in open court,
*William H. Sothoron.* } *William B. Stone,* and makes oath upon the Holy Evangely of Almighty God, that he believes the plaintiff cannot with justice to himself proceed to the trial of this cause, without the evidence of ——— *Griffin,* a legal and competent witness ; that the plaintiff has used reasonable diligence to procure the attendance of said witness, and that he expects to procure his testimony at the next court ; that he expects to prove by said witness, that *Isidore Hardy,* in the account filed mentioned, assigned in writing the said account to the said plaintiff.

*William G. Hardy* vs. } Personally appears in open court,
*William H. Sothoron.* } *William B. Stone,* and makes oath, &c. that the plaintiff expects to prove by *Thomas J. Marshall,* that the witness presented the account filed in this cause within three years before suit brought to the defendant, and that the said defendant promised to pay the same in a short time. The plaintiff then proved, that in March, 1833, the plaintiff gave a certain *Thomas Marshall,* an order for $120 on the said defendant; that at the time the said order was presented to the defendant, the amount of the account as due to the assignee, accompanied the said order, that the defendant said it was his impression that the money had been paid by his father; that if his father had paid it, he could find, he supposed, the receipt on searching his father's papers. And if he could not find the receipt, he would settle it, and promised to make a search after court, and inform the witness, which he has never done.

The defendant then prayed the court to instruct the jury, that the plea of the statute of limitations was a bar in this case and that the plaintiff is not entitled to recover, which prayer and instruction the court (*Key and Dorsey, A. J's,*) refused to give; but instructed the jury, if they believe the evidence it was sufficient to remove the bar of limitations. The defendant excepted both to the refusal and instructions granted, and the verdict and judgment being against him he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and ARCHER, DORSEY, and SPENCE, Judges.

ALEXANDER, for the appellant.

Who cited: *Oliver vs. Gray,* 1 *Har. and Gill,* 217 *Kent's adm'r vs. Wilkinson,* 5 *Gill and John.* 497.

J. M. S. CAUSIN, for the appellee, referred to 5 *Gill and John.* 498.

ARCHER, Judge, delivered the opinion of the court.

If, as we suppose from the bill of exception, the parties went to trial upon the admission of the truth of the facts contained in the deposition of *William B. Stone,* it is remarkable that any question should have been raised as to the sufficiency of the evidence, to take the case out of the statute of limitations; because that contains an express and unequivocal promise to pay.

But standing alone on the proof furnished by the evidence of *Thomas Marshall,* we think the court were right in the opinion they expressed.

The acknowledgment as proved by this witness is in substance, identical with the acknowledgment in 5 *Gill and John.* 499, except in that case the defendants promised payment, if the account was correct, and it was held to be a conditional promise to pay, and that the plaintiff was bound to prove the account before he could avail himself of the promise. Had the plaintiff in that case established the

account by proof, and thereby complied with the condition, the court distinctly intimate, he might have availed himself of the declaration as an acknowledgment to take the case out of the statute.

We are of opinion, throwing the acknowledgment contained in the affidavit of *William B. Stone,* out of the case; that the opinion of the court may be well sustained on the proof of *Thomas Marshall;* the doctrine in the case adverted to governing this.

JUDGMENT AFFIRMED.